1  KENT J. SCHMIDT (SBN 195969)
   schmidt.kent@dorsey.com
2  DORSEY & WHITNEY LLP
   600 Anton Boulevard, Suite 2000
3  Costa Mesa, CA 92626
   Telephone: (714) 800-1400
4  Facsimile: (714) 800-1499

5  CREIGHTON R. MAGID (to be admitted *pro hac vice*)
   magid.chip@dorsey.com
6  DORSEY & WHITNEY LLP
   1401 New York Avenue NW, Suite 900
7  Washington, DC 20005
   Telephone: (202) 442-3555
8  Facsimile:  (202) 315-3852

9  Attorneys for Defendants Motts, LLP and Keurig Dr Pepper Inc.

10 UNITED STATES DISTRICT COURT

11 SOUTHERN DISTRICT OF CALIFORNIA

12

| Laura Willis-Albrigo and Tiffany Taylor, | CASE NO. 3:24-CV-00148-GPC-AHG |
|---|---|
| Plaintiffs, | **MOTION TO DISMISS COMPLAINT** |
| v. | Complaint filed: January 23, 2024 |
| Motts, LLP and Keurig Dr Pepper Inc., | Trial Date: None Set |
| Defendants. | Judge: Hon. Gonzalo P. Curiel |

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 19, 2024, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 2D of the above-entitled Court, located at 333 West Broadway, San Diego, California, Defendants Motts, LLP and Keurig Dr Pepper Inc. ("Defendants") will and hereby do move this Court for an order dismissing the Complaint filed by Plaintiffs Laura Willis-Albrigo and Tiffany

Taylor ("Plaintiffs") in the above-captioned action, in its entirety and with prejudice.

This Motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants seek dismissal of the Complaint, with prejudice, on the grounds that the Complaint fails to state a claim against Defendants upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). This Motion is based upon the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice and Application of Incorporation-By-Reference Doctrine ("RJN"), the Declaration of Jessica Leano, the files and evidence in this case, and such evidence and argument as may be proffered at the hearing of the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Mott's, LLP ("Mott's") sells Mr & Mrs T Original Bloody Mary Mix (the "Product"). The product label accurately states that the Product contains "No Added Preservatives." Plaintiffs, noting the presence of citric acid on the ingredient list on the back label of the Product, assert that the claim of "No Added Preservatives" is "false" and "misleading," Compl. ¶ 2, because the Product is not "preservative free." Compl. ¶¶ 3, 34. The label, however, does not claim that the Product is "preservative free," but rather that it contains "no *added* preservatives." The ingredient list makes clear that this is a true statement: there are no added

preservatives listed; citric acid (which Plaintiffs claim is a preservative) is listed only as a sub-ingredient of Worcestershire sauce, a flavoring component of any Bloody Mary. Compl. ¶ 2. Moreover, although the Complaint alleges that citric acid *can be* a preservative if present in a high enough concentration to increase the acidity of a food, Compl. ¶ 32 n.4, there are no allegations in the Complaint suggesting that the amount of citric acid in Mr & Mrs T Original Bloody Mary Mix – present only as a sub-ingredient of Worcestershire sauce, itself only the ninth ingredient listed, after "spices" – is sufficient to have any preservative effect. Compl. ¶ 2.

## ARGUMENT

I. **THE COMPLAINT FAILS PLAUSIBLY TO ALLEGE THAT THE LABEL WOULD MISLEAD A REASONABLE CONSUMER.**

A complaint must state facts sufficient to show that a claim for relief is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

    A. **The Complaint Does Not Plausibly Allege that "No Added**

**Preservatives" Is False or Misleading.**

To state a claim under the UCL, FAL, or CLRA, a plaintiff must allege that the label at issue is likely to deceive a "reasonable consumer." *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Under this standard, a plaintiff "must show that members of the public are likely to be deceived." *Id.* (quoting *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)). "This requires more than a mere possibility that [a product's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Ebner v. Fresh*, 838 F.3d 958, 965 (9th Cir. 2016) (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 129 Cal. Rptr. 2d 486, 495 (Ct. App. 2003)). "Rather, the reasonable consumer standard requires a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Id.* (quoting *Lavie*, 129 Cal. Rptr. 2d at 495). The same "reasonable consumer" standard applies to claims under New York General Business Law § 349. *See, e.g.*, *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020); *Axon v. Florida's Nat. Growers, Inc.*, 813 Fed. Appx. 701, 704 (2d Cir. 2020).

Where a front label statement is ambiguous, "the ambiguity can be resolved by reference to the back label." *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023). If an ingredient list would make it clear to a reasonable consumer that a front label claim is truthful, the front label claim is not actionable.

*Id.* A "front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label." *Id.* at 1098. The same is true under New York law. *See, e.g.*, *Warren v. Coca-Cola Co.*, No. 22-cv-6907, 2023 U.S. Dist. LEXIS 70494, at *15 (S.D.N.Y. Apr. 21, 2023) (where a front label creates an ambiguity regarding the contents of a product, the ingredients list "can cure that ambiguity"); *Brown v. Kellogg Sales Co.*, No. 20-cv-7283, 2022 U.S. Dist. LEXIS 60748, at *16 (S.D.N.Y. Mar. 31, 2022) ("[A] manufacturer may clarify an ambiguous interpretation of a label based on disclaimers and disclosures on the side or back of product packaging" so that "the reasonable consumer would overcome any confusion by referring to the unambiguous ingredient list on the packaging.").

On a motion to dismiss, a court can determine whether a label would be misleading to a reasonable consumer as a matter of law. *See, e.g.*, *Moore v. Trader Joe's Co.*, 4 F.4th 874, 881 (9th Cir. 2021) (upholding dismissal on the grounds that the label "was not misleading to a reasonable consumer as a matter of law."); *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) ("It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer.").

The front label of Mr & Mrs T Original Bloody Mary Mix states that the product contains "No Added Preservatives." It is clear from the word "added" that there are or may be preservatives in the Product; the claim is only that Mott's does

not *add* preservatives to the ingredients that comprise the Bloody Mary mix. On its face, the label would not indicate to a reasonable consumer that the Product is "preservative free." Further, to the extent that a consumer did not understand the meaning of "No Added Preservatives," the ingredient list on the back panel makes clear that the citric acid is a sub-ingredient of the Worcestershire sauce, but that there are no *added* preservatives. Because the "No Added Preservatives" label would not mislead a reasonable consumer, and because any ambiguity in the label is cured by the ingredient statement, the Complaint's statutory claims must be dismissed.

**B.    The Complaint Does Not Plausibly Allege that the Citric Acid in the Worcestershire Sauce Is a Preservative.**

Not only is the label not actionable on its face, but the Complaint is devoid of any allegations that the citric acid listed on the ingredient list as a sub-ingredient of Worcestershire sauce is a preservative.

The Complaint asserts that citric acid *may be used* as a preservative, but *only* if it sufficiently acidifies the food or beverage to which it is added so as to "inhibit the growth of mold, mildew, bacteria, and other organic contaminants." *See* FBC Industries, *Citric Acid: One of the Most Important Preservatives in the World*, cited at Compl. ¶ 32 n.4; *see also* Request for Judicial Notice. Federal regulations similarly emphasize that the concentration of citric acid – particularly when it is present only as a sub-ingredient – is critical to whether it acts as a preservative. *See, e.g.*, 21 C.F.R. § 101.100(a)(3)(i) (exempting from labeling requirements

"substances that have no technical or functional effect but are present in a food by reason of having been incorporated into the food as an ingredient of another food, in which the substance did have a functional or technical effect").

There is no allegation in the Complaint that citric acid, *as used in the Bloody Mary mix*, is a preservative. It is the eleventh listed sub-ingredient in Worcestershire sauce, itself only the ninth listed ingredient in the Bloody Mary mix. *See* Compl. ¶ 2. Because the Complaint lacks any allegation that citric acid acts as a preservative in Mr & Mrs T Original Bloody Mary Mix, there is no plausible claim that the "No Added Preservatives" statement is false or misleading.[1] For this reason, too, the Complaint should be dismissed.

## II. THE EXPRESS WARRANTY CLAIM FAILS AS A MATTER OF LAW.

There are no factual allegations in the complaint that the statement "No Added Preservatives" is false in any way or that the Product failed in any respect to conform with that label statement. Accordingly, the express warranty claim must be dismissed. *See, e.g.*, *Dawson v. Better Booch, LLC*, No. 23-cv-1091, 2024 U.S. Dist. LEXIS 23708, at *11-12 (S.D. Cal. Feb. 9, 2024) (where complaint does not

---

[1] The Complaint refers to a warning letter sent by the U.S. Food and Drug Administration to Chiquita Brands International, Inc. and Fresh Express, Inc., and implies that Defendants here failed to state the function of citric acid in the Product's ingredient list. Compl. ¶¶ 31 – 32. 21 C.F.R. § 101.100(a)(3), however, exempts foods, such as the Product, from such requirement because the citric acid is present "at insignificant levels" and does "not have any technical or functional effect" in the Product.

plausibly allege that the label statement is misleading, no claim for breach of express warranty can exist); *Telesco v. Starbucks Corp.*, No. 22-cv-2687, 2023 U.S. Dist. LEXIS 123658, at *15 (S.D.N.Y. July 18, 2023) (express warranty claims must be dismissed where the label claim is not misleading).

### III. THE UNJUST ENRICHMENT CLAIM FAILS AS A MATTER OF LAW.

Under New York law, an unjust enrichment claim cannot exist where it simply duplicates a claim of false or misleading labeling brought under New York General Business Law §§ 349 or 350. *See, e.g.*, *Barton v. Pret A Manger (USA) Ltd.*, 535 F. Supp. 3d 225, 249 (S.D.N.Y. 2021); *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 285 (S.D.N.Y. 2021). Furthermore, an unjust enrichment claim cannot exist where the label is not misleading. *See, e.g.*, *Foster v. Whole Foods Mkt. Grp., Inc.*, No. 22-cv-01240, 2023 U.S. Dist. LEXIS 18709, at *11-12 (S.D.N.Y. Feb. 3, 2023).

California law is less clear as to whether a stand-alone claim of unjust enrichment exists, but is clear that the absence of a misleading label statement renders an unjust enrichment claim deficient as a matter of law. *See, e.g.*, *Dawson*, 2024 U.S. Dist. LEXIS 23708, at *11; *Lee v. Nature's Path Food, Inc.*, No. 23-cv-00751, 2023 U.S. Dist. LEXIS 201977, at *14 (S.D. Cal. Nov. 9, 2023).

Plaintiffs' unjust enrichment claim is duplicative of their statutory claims. Additionally, plaintiffs fail plausibly to allege any deceptive label statement. Accordingly, the unjust enrichment claim must be dismissed.

## IV. PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF.

In their prayer, Plaintiffs seek injunctive relief. Compl. at 28. Plaintiffs, however, lack standing to seek such relief.

To establish standing for injunctive relief, a plaintiff must show that the risk of future injury "must be certainly impending to constitute injury in fact." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). The Supreme Court has made clear that "'[a]llegations of possible future injury' are not sufficient." *Id.* at 409 (quoting *Whitmore*, 495 U.S. at 158). Moreover, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

Even if Plaintiffs could plausibly claim that they were deceived by the "No Added Preservatives" label (and they cannot), Plaintiffs now are fully informed of the meaning of "No Added Preservatives" and the presence of citric acid on the ingredient statement on the back label, and therefore are at no risk of being "deceived" in the future. They therefore lack standing to seek injunctive relief. *See, e.g.*, *Berni v. Barilla S.P.A.*, 964 F.3d 141, 147-48 (2d Cir. 2020) (a consumer

claiming to have been "deceived" by a product label lacks standing to seek injunctive relief because she will either not purchase the product in the future or will purchase the product "with exactly the level of information that they claim they were owed from the beginning."); *Jackson v. General Mills, Inc.*, No. 18-cv-2634, 2020 U.S. Dist. LEXIS 157898, at *14-15 (S.D. Cal. Aug. 28, 2020) ("where a plaintiff learns information during litigation that enables her to evaluate product claims and make appropriate purchasing decisions going forward, an injunction would serve no meaningful purpose as to that plaintiff."). The situation here is distinguishable from the one addressed by the Ninth Circuit in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2017), in which the plaintiff "alleged she had no way of determining whether future representations would be true." *Jackson*, 2020 U.S. Dist. LEXIS 157898, at *14. Because plaintiffs can "easily determine" whether any preservatives are in the Product "by reading the back panel," they lack standing to seek injunctive relief. *Id.* at *15 (quoting *Cordes v. Boulder Brands USA, Inc.*, No. CV 18-6534, 2018 U.S. Dist. LEXIS 217534, at *13 (C.D. Cal. Oct. 17, 2018)). Plaintiffs' request for injunctive relief should therefore be dismissed.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Complaint should be dismissed in its entirety, with prejudice.

Dated: February 26, 2024

DORSEY & WHITNEY LLP

By: */s/ Kent J. Schmidt*
Kent J. Schmidt
Attorneys for Defendants Motts, LLP and Keurig Dr Pepper Inc.

# CERTIFICATE OF SERVICE
All Case Participants are registered for the USDC CM/ECF System

*Laura Willis-Albrigo and Tiffany Taylor v. Motts, LLP and Keurig Dr Pepper Inc.*
*Southern District of California Case Number 3:24-CV-00148-GPC-AHG*

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

I hereby certify that on February 26, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Southern District of California by using the court's CM/ECF system.

Participants in the case who are registered CM/ECF users will be automatically served by the CM/ECF system.

Dated: February 26, 2024          DORSEY & WHITNEY LLP

                                  By:   */s/ Kent J. Schmidt*
                                        Kent J. Schmidt